ISAAC L. PINCKNEY v. PETER KEYLER and JOHN M. KEYLER.

Where two persons were partners in the business of pile driving, and were in the habit of obtaining provender for horses from a provision store kept by the plaintiff; held, that to bind the partnership for flour delivered to third persons, even the workmen of the firm, it was not enough to show that one of the partners requested the furnishing of the flour, without evidence that such direction had the sanction of the other partner, or was given in the name or on account of the firm, or that such delivery enured in some manner to the benefit of the firm, by being allowed by the workmen in account or otherwise, so that the sale could in effect be deemed to have been made to the firm or resulted to their use.

A set off cannot be allowed unless claimed in the answer, even in the Marine and District Courts.

Money due to one of two partners cannot be set off against a demand existing against the partners jointly.

An arrangement between two persons, that one shall advance to the other a sum of money and build for him a store, and receive, in lieu of rent and interest, one half of the profits of the business to be conducted therein, would not necessarily render them partners as between themselves, whatever might be the effect as respects third persons.

THE assignor of the plaintiff, one David M. Mills, proprietor of a provision store, and the defendants, were partners in the business of pile driving. The plaintiff sued upon the following claims: 1. The price of a horse sold to the defendants;

2. The value of provender furnished for horses used by the defendants in their business; 3. Stabling of a horse, and use of horse hired to the defendant; 4. Flour furnished to workmen; and, 5. The price of a keg of spikes delivered to workmen. The evidence relating to these several demands, so far as is material to the legal questions involved, sufficiently appears in the opinion of the court.

The case came up upon the defendants' appeal from a judgment of the Marine Court.

*David Dudley Field,* for the defendants.

*Joseph T. Mills,* for the plaintiff.

By THE COURT. WOODRUFF, J.—The return herein does not show the rejection of any evidence offered by the defendants, and many of the grounds of appeal do not, for this reason, appear to have any foundation in the proceedings on the trial.

The partnership of the defendants was distinctly proved, and their ownership of the horses, for the "feed" of which the action was in part brought. As to the value of the keeping of the horses, there is evidence quite sufficient to sustain the finding below, both as regards the time the defendants' horses were kept under the plaintiff's store and the value thereof. That is stated in general terms by the witness, D. M. Mills; and the evidence of the son as to the time—eight months—and the specific quantity furnished during two of those months, corroborates the evidence of the father. The evidence of the sale of the horse, though Mills says he made the bargain with Peter Keyler, may reasonably be taken to import that the sale was to the defendants, who, he says, were in partnership, and other evidence shows that the horse was received and used in their partnership business. The finding cannot be deemed so far against evidence, or without evidence to support it, that we can reverse it upon that ground.

Pinckney *v.* Keyler.

In relation to the goods furnished to the defendants' workmen, it appears to me that to bind a partnership to the payment for goods delivered—or, as Mills testifies, "sold"—to third persons, even to the workmen of the partnership, and, as expressed by the witness, "sold to them," it is not enough to show that one of the partners requested the furnishing of the goods to such third persons. It is not within the ordinary scope of a copartnership in pile driving to make such contracts. There should at least have been some evidence, either that this direction to deliver goods to their workmen was with the sanction of the other partner, John M. Keyler, or that such delivery enured to the benefit of the firm in some manner, by being allowed to the firm by the workmen in account, in some mode, or at least that the direction was given in the name or on account of the firm, so that the goods could be said to have, in effect, been sold to the firm or come to their use. Upon the return alone I should have found it difficult to say how much the court below allowed on this account, but the respondent's counsel concedes that twenty-one dollars was included in the judgment for those goods. This amount should be deducted from the judgment. So in relation to the keg of nails or spikes, there was no evidence to charge the defendants jointly. The only proof is, that they were left by Mills in the feed store, by request of Peter Keyler. This was wholly insufficient to charge his partner jointly with him, without some evidence that they were left for the use of the firm, or that they came to the use of the firm, or that the business of the firm required the use of spikes, or that the firm were wont to buy spikes, or some evidence tending to show authority in Peter Keyler to buy spikes on account of the firm. The price of the spikes should, therefore, be also deducted, which the counsel also concedes was six dollars.

In regard to the defendants' claims to set off the money borrowed from David Keyler by Mills, two suggestions are sufficient: First, the defendants' answer sets up no claim to set off any thing. Although the pleadings in the Marine Court

are informal, yet no set off can be allowed, unless it is claimed in the answer.

And, second, money due to one of two partners cannot be set off against a demand existing against the partners jointly.

As to the alleged partnership between the assignee of the plaintiff and one of the defendants, so far as the evidence of the witnesses, Mills and Moylan, conflicts, the finding of the court below is conclusive. The one testifies to a conversation, and the other denies that any such conversation took place. The justice was in a situation to determine the credibility of the witnesses, and we cannot interfere with his conclusion on the subject.

The justice has also found that the evidence of Mills did not establish a copartnership between him and one of the defendants. The evidence of the plaintiff's witness in some degree sustains this conclusion.

But on the evidence of Dudley O. Mills alone, we cannot say that the finding of the justice is against evidence. Although he testifies to an offer made by him to Peter Keyler, that if he would furnish $300 or $400, and build a feed store, he (Mills) would give him one half the profits, yet he distinctly says that Peter did not carry out the agreement. He only built the store in part, and afterwards "lent" Mills $200. Although there are other circumstances which might tend to the conclusion, that what Peter Keyler did do was accepted as performance, yet is not the necessary conclusion from the evidence, and we cannot say that the court erred if the contrary conclusion was drawn from the evidence. And it is by no means clear, that if the offer or arrangement testified to by Mills had been carried out, it would have established a partnership as between themselves. It rather resembles an arrangement by which Keyler was to take, in lieu of rent and interest, one half of such profits as Mills should make in his business. This, though it might make Keyler liable to third persons as partner, does not necessarily make the parties partners as between themselves.

My conclusion is, that twenty-seven dollars should be deducted from the amount of the judgment, and the judgment should be affirmed for the residue, without costs on the appeal to either party.

Adjudged accordingly.